UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**GERALD MORIARITY and CYNTHIA MORIARITY,**

                              **Plaintiffs,**

                    **-v-**                              **5:04-CV-394**

**SMALL WORLD ADOPTION FOUNDATION OF
MISSOURI, INC., SMALL WORLD ADOPTION
FOUNDATION, INC., VIACHESLAV PLATONOV,
M.D., and YELENA KOGAN,**

                              **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Smith, Sovik, Kendrick & Sugnet, PC
James W. Cunningham, Esq., of counsel
250 South Clinton Street, Suite 600
Syracuse, New York 13202-1252
Attorneys for Plaintiffs

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
F. Douglas Novotny, Esq., of counsel
677 Broadway - 9th Floor
Albany, New York 12207-2996
and
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Lori R. Semlies, Esq., of counsel
150 East 42nd Street – 22nd Floor
New York, New York 10017-5639
Attorneys for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### BACKGROUND

      Defendants Small World Adoption Foundation of Missouri, Inc. and its predecessor,

Small World Adoption Foundation, Inc. (collectively, "Small World") assist families in the

United States to adopt children from Russia, Belarus, and Ukraine. At all pertinent times, defendants Drs. Viacheslav Platonov and Yelena Kogan were Directors of Small World.

On October 30, 2000, plaintiffs signed a 17-page agreement ("Contract") whereby Small World agreed to assist plaintiffs to adopt a baby boy.[1] In April 2001 Small World sent plaintiffs a two-page letter, a videotape, and a two-page health form concerning a baby boy in a Ukraine orphanage available for adoption. Plaintiffs responded that they wished to adopt him and signed a "Child Acceptance Form" on May 11, 2001. Plaintiffs traveled to Ukraine and adopted the boy on August 1, 2001, pursuant to a judgment from a Ukraine court. The adopted child, now named Lee Moriarty, resides with plaintiffs in the United States.

Subsequent to the adoption, Lee was diagnosed in the United States with severe health problems, including cerebral palsy apparently stemming from events related to his birth. Medical records from Ukraine regarding his birth and early infancy include a diagnosis of hypoxic-ischemic damage of the central nervous system. It is undisputed that these records were not provided to plaintiffs in the United States prior to the adoption. The parties dispute whether and when Small World had access to the records and whether and when the information was provided to plaintiffs.

In the complaint, plaintiffs assert the following causes of action: breach of contract; fraudulent misrepresentation; wrongful adoption; negligent misrepresentation; negligence; and deceptive business practices in violation of section 349 of New York General Business Law. They seek to recover the costs of Lee's medical care, both past and future.

Defendants move (Dkt. No. 43) for summary judgment dismissing the action. For the

---

[1] In 1999, plaintiffs had adopted twin girls from Ukraine pursuant to a contract between plaintiffs and Small World.

reasons set forth below, the motion is denied.

## DISCUSSION

**Standard on summary judgment**

Summary judgment is appropriate "where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of N.J., Inc*., 448 F.3d 573, 579 (2d Cir. 2006) (internal quotation marks omitted).  A dispute about a genuine issue of material fact exists if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant.  *See United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962).

**Fraudulent Misrepresentation and Wrongful Adoption Causes of Action**

The elements of a fraudulent misrepresentation claim under New York law are well established.  To make out such a claim, a plaintiff must show: (1) defendant made a representation as to a material fact; (2) such representation was false; (3) defendant intended to deceive plaintiff; (4) plaintiff believed and justifiably relied upon the statement and was induced by it to engage in a certain course of conduct; and (5) as a result of such reliance plaintiff sustained pecuniary loss.  *See Channel Master Corp. v. Aluminum Ltd. Sales, Inc*., 4 N.Y.2d 403, 406-07 (1958).

New York has extended common-law fraud principles to the adoption context.  *See Ross v. Louise Wise Servs. Inc*., 8 N.Y.3d 478, 488 (2007); *Juman v. Louise Wise Servs*., 620 N.Y.S.2d 371, 372 (1st Dep't 1995).  The elements of a wrongful adoption claim are: (1) defendant made a

representation as to a material fact; (2) such representation was false; (3) defendant intended to deceive plaintiff; (4) plaintiff believed and justifiably relied upon the statement and was induced by it to adopt the child; and (5) as a result of such reliance plaintiff sustained pecuniary loss. *See Ingrao v. County of Albany*, 2006 WL 2827856, *13 (N.D.N.Y. Oct. 2, 2006); *Ross*, 8 N.Y.3d at 488.

Defendants aver that Small World made no representations at any time regarding Lee's medical condition; rather, it merely forwarded to plaintiffs the videotape received from the Ukrainian orphanage and the two-page health form containing information provided by the orphanage. Defendants further assert that as a matter of law there was no deception, inasmuch as Small World neither possessed nor had access to any additional health information. Indeed, according to defendants, Ukranian law prohibits access to a prospective adoptee's medical records.

Defendants also argue that plaintiffs could not have reasonably relied on any representations by Small World in deciding to adopt Lee. Defendants point to disclaimers and warnings in the Contract signed by plaintiffs, including plaintiffs' acknowledgment that "in spite of information to the contrary, the child, when received, may have an undiagnosed physical or mental condition, or may develop such condition at a later date." Also, defendants state, after arriving at the orphanage in Ukraine, plaintiffs had complete access to Lee's medical file, spent several days with him, and had opportunities to ask questions about him to the orphanage staff; thus, defendants argue, plaintiffs did not rely on defendants to ascertain Lee's medical condition.

Plaintiffs respond that Small World materially misrepresented Lee's medical condition and/or concealed the fact that it had little or no information regarding his medical condition.

-4-

Plaintiffs point to defendants' representations that Drs. Platanov and Kogan "frequently ... travel to identify the prospective children for Small World clients"; that on occasion they "speak personally with the pediatricians [and] neurologists ... who care for the children"; that every child made available by Small World is "approved" by Drs. Platanov and Kogan; and that their "direct involvement" and "active role in the selection of available children" enables Small World to minimize the risk of international adoption.  In addition, the two-page health form states that the child's development "is appropriate for an orphanage child of this age"; that since arrival at the orphanage, the child "has had no significant illnesses"; and that he "was evaluated by the following specialists with all examinations being normal: neurologist, ophthalmologist, orthopedic specialist and pediatrician."  The accompanying letter from Small World's staff states: "If there were any medical concerns about a specific child, the child would not have been made available to [Small World] clients."  The "Specific Medical Risk Disclosure" form which is part of the Contract includes the following: "[Small World] will make every effort to provide a report from a qualified medical doctor of [Small World's] choice, who has examined the child in the foreign country, as to the medical condition of the child."  Plaintiffs adduce evidence that these and other statements are false.  These statements and other record evidence raise questions of fact on the issues of  misrepresentation, intention to deceive, and justifiable reliance sufficient to resist summary judgment.

     Defendants further argue that they are not liable for the conduct of the people in Ukraine who assisted plaintiffs during the adoption process – in particular Vadim A. Ponomariov – because they were independent contractors, not agents or employees of Small World.  The record evidence presents material questions of fact regarding whether Small World invested Ponomariov

and others with apparent authority such that Small World is liable for their conduct on the theory of agency. For example, materials provided by Small World to plaintiffs in the United States refer to the people who would assist plaintiffs in Ukraine as Small World's "staff," and Small World required plaintiffs to sign a power of attorney in favor of Ponomariov and others. Plaintiffs testified that, based on Small World's conduct, they believed Ponomariov and others were Small World's employees. And record evidence raises material questions of fact regarding Ponomariov's conduct, including whether he had access to Lee's medical records prior to the adoption and thus knew or could have known of Lee's actual medical condition; whether, if he had knowledge of Lee's medical condition, he concealed it; and whether, if he did not have such knowledge, he falsely represented that he did have such knowledge and that Lee was healthy. Summary judgment dismissing the fraudulent misrepresentation and wrongful adoption causes of action is denied.[2]

**Breach of Contract**

Plaintiffs allege various breaches of the parties' Contract. For example, plaintiffs allege that Small World knowingly provided to plaintiffs a child with special needs after it charged plaintiffs the higher fee for a "non-special needs" child. Defendants rely on exculpatory provisions in the Contract, including plaintiffs' acknowledgment that the child may have an undiagnosed physical condition and their agreement to "hold [Small World] harmless from any liability to [plaintiffs] ... for any problems of health, mental or physical, of the child unless [Small World] has withheld knowledge of such conditions." Plaintiffs contend, however, that these

---

[2] The cause of action for wrongful adoption appears to be duplicative of the cause of action for fraudulent misrepresentation. However, because the issue was not briefed, the Court does not dismiss either cause of action on this ground.

provisions are inapplicable because Lee's condition was diagnosed prior to the adoption and Small World had knowledge of Lee's medical condition and withheld it from plaintiffs. The record presents material questions of fact on these and other issues.

Defendants have not cited any New York case law or other authority supporting their argument that New York State policy would prohibit recognition of plaintiffs' breach of contract cause of action. It is true that adoption is a unique arrangement and that public policy precludes recognition of certain claims relative thereto.[3] Nevertheless, this Court is unaware of any New York State policy compelling dismissal of a breach of contract claim solely because it stems from a contract relating to adoption, without regard to the basis of the claim or the nature of the damages sought.[4] Summary judgment dismissing this cause of action is denied.

**Remaining Causes of Action**

For substantially the same reasons discussed above, summary judgment dismissing the negligent misrepresentation and negligence causes of action is denied. *See Ingrao*, 2006 WL 2827856 at *12. Finally, questions of fact regarding whether defendants engaged in deceptive practices preclude summary judgment dismissing the cause of action based on section 349 of New York General Business Law.

## CONCLUSION

---

[3] For example, New York public policy precludes recovery for emotional suffering in wrongful adoption cases. *See Ross v. Louise Wise Servs., Inc.*, 812 N.Y.S.2d 325, 339 (1st Dep't 2006) (Tom, J., concurring), *aff'd as modified on other grounds*, 8 N.Y.3d 478 (2007).

[4] It may be, as an Ohio court asserts, that "[a] bargained-for exchange ... with respect to the life of a child is repugnant." *Allen v. Children's Servs.*, 567 N.E.2d 1346, 1349 (Ohio App. 1990) (alterations in original; citation omitted); *accord Wolford v. Children's Home Soc. of W. Va.*, 17 Fed.Supp.2d 577, 584 (S.D.W.Va. 1998). Nevertheless, this Court is not persuaded that every aspect of the contractual relationship between the parties in the case at bar can be so classified.

It is therefore

ORDERED that defendants' motion (Dkt. No. 43) for summary judgment dismissing the action is denied.

IT IS SO ORDERED.

January 11, 2008
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge