UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**GERALD MORIARITY and CYNTHIA MORIARITY,**

                    **Plaintiffs,**

            -v-                           5:04-CV-394

**SMALL WORLD ADOPTION FOUNDATION OF MISSOURI, INC., SMALL WORLD ADOPTION FOUNDATION, INC., VIACHESLAV PLATONOV, M.D., and YELENA KOGAN,**

                    **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Smith, Sovik, Kendrick & Sugnet, PC
James W. Cunningham, Esq., of counsel
250 South Clinton Street, Suite 600
Syracuse, New York 13202-1252
Attorneys for Plaintiffs

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
F. Douglas Novotny, Esq., of counsel
677 Broadway - 9th Floor
Albany, New York 12207-2996
and
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Lori R. Semlies, Esq., of counsel
150 East 42nd Street – 22nd Floor
New York, New York 10017-5639
Attorneys for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Presently before the Court is defendants' motion *in limine* (Dkt. No. 57) requesting the

following relief in this wrongful adoption case:

   1.   An order precluding plaintiffs from seeking recovery for any expenses incurred
        after their adopted son Lee Moriarity ("Lee") reaches age 21;

2. An order precluding plaintiffs from recovering anything other than out-of-pocket extraordinary medical expenses;

3. An offset for expenses paid by medical insurance, Medicaid, public programs or charity;

4. An order precluding plaintiffs from recovering past medical expenses on the ground of failure to disclose evidence thereof as required by Fed. R. Civ. P. 26;

5. An order precluding plaintiffs from testifying at trial regarding what anyone in Ukraine told them about Lee's medical condition on the ground that it would constitute inadmissible hearsay; and

6. An order precluding the testimony of plaintiffs' economist Daniel McGowan, Ph.D. on the ground of noncompliance with Fed. R. Civ. P. 26.

**1. Expenses incurred after Lee reaches age 21**

Plaintiffs are legally responsible for Lee's medical expenses only until he attains the age of 21. *See* N.Y. Family Ct. Act, § 413(1); *Bani-Esraili v. Lerman*, 69 N.Y.2d 807, 808 (1987). Accordingly, defendants are entitled to an order precluding plaintiffs from seeking recovery for any expenses incurred after Lee reaches age 21.

**2. Expenses other than out-of-pocket extraordinary medical expenses**

Defendants seek a pre-trial ruling limiting the damages plaintiffs may recover. The parties agree that plaintiffs "may be compensated only in the amount that represents [their] legally cognizable injury, namely the increased financial obligation arising from the extraordinary medical treatment rendered the child during minority." *Bani-Esraili*, 69 N.Y.2d at 808. Defendants argue in their Reply Memorandum of Law (Dkt. No. 67) that plaintiffs cannot recover for certain future expenses because plaintiffs cannot prove those expenses are "extraordinary." Expert evidence is not required to establish the extraordinary character of many of those expenses (such as, for example, expenses for wheelchairs, van modifications, and physical, occupational,

and speech therapy). Thus, even if the Court were to reject the supplemental affidavit of plaintiffs' expert, Jane Mattson, Ph.D., expressly characterizing as "extraordinary" the expenses set forth in her life-care plan, defendants would not be entitled to a pretrial order limiting plaintiffs' potential recovery. The question of whether the expenses claimed are extraordinary cannot properly be resolved on this motion.

Defendants also request that plaintiffs be precluded from recovering past expenses that were not paid out-of-pocket but rather were covered by medical insurance or other sources. There is no basis for this relief, however, because plaintiffs make no claim for past expenses (see plaintiffs' Memorandum of Law, Dkt. No. 60, p. 6). Nor are defendants entitled to the relief requested on any other ground.

**3. Offset for medical insurance payments, etc.**

Defendants seek a ruling that they are entitled to an offset for any expenses paid by medical insurance, Medicaid, public programs, or charity. As noted, plaintiffs are not asserting a claim for past medical expenses. With respect to an offset reducing any recovery for future expenses, it is highly doubtful that the collateral-source offset rule can properly be applied to a wrongful adoption case. *See* N.Y.C.P.L.R. 4545(c) (authorizing offset in "any action brought to recover damages for personal injury, injury to property or wrongful death"); *Oden v. Chemung Co. Indus. Dev. Agency*, 87 N.Y.2d 81, 86 (1995) (noting that "CPLR 4545(c) is a statute enacted in derogation of the common law and, as such, is to be strictly construed"). In any event, any ruling on the collateral-source issue would be premature; section 4545(c) by its terms

contemplates a reduction of damages <u>after</u> they are awarded.[1]  This relief is denied.

**4. Preclusion of recovery of past medical expenses**

As noted above, plaintiffs confirm they are not making a claim for past medical expenses. Defendants' motion to preclude past damages on the ground of failure to disclose evidence thereof as required by Fed. R. Civ. P. 26 is denied as moot.

**5. Preclusion of plaintiffs' testimony regarding what anyone in Ukraine told them**

Defendants seek an order precluding plaintiffs' testimony regarding what anyone in Ukraine told them about Lee's medical condition, on the ground that it would constitute hearsay. Any such ruling would be premature; as plaintiffs point out, there are numerous exceptions to the hearsay doctrine.  This relief is denied.

**6. Preclusion of testimony of plaintiffs' economist Daniel McGowan, Ph.D.**

Defendants request preclusion of the expert testimony of Daniel A. McGowan, Ph.D. on various grounds.  To the extent they object to his projection of Lee's life expectancy, this is irrelevant because plaintiffs concede they can only recover expenses incurred until Lee reaches age 21.  To the extent they base their preclusion request on the ground that Dr. McGowan's disclosure was not signed, this oversight has been remedied, and under all of the circumstances it does not warrant preclusion.  To the extent they complain that he submits "spreadsheets" of projected annual expenses for Lee's care, therapies, medical supplies, etc., instead of a narrative report, on the present record this does not warrant preclusion.  At trial defendants may challenge the admissibility of Dr. McGowan's testimony on specific topics, but they are not entitled to

---

[1] There is no need at this point to address other obstacles defendants would likely encounter in attempting to establish with "reasonable certainty" their entitlement to a collateral-source offset. N.Y.C.P.L.R. 4545(c); *see generally Kihl v. Pfeffer*, 848 N.Y.S.2d 200, 208-09 (2d Dep't 2007); *Giventer ex rel. Giventer v. Rementeria*, 705 N.Y.S.2d 863, 866 (Sup.Ct., Richmond Co. 2000).

wholesale preclusion.

It is therefore

**ORDERED** that defendants' motion *in limine* (Dkt. No. 57) is granted to the extent that plaintiffs are precluded from seeking recovery for any expenses incurred after Lee Moriarity reaches age 21; and the motion is otherwise denied in all respects.

**IT IS SO ORDERED**

July 11, 2008
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

-5-